IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. SANTONI | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:20-cv-00975 |
| | ) |
| SARAH ELIZABETH MUELLER AND | )   JURY TRIAL DEMANDED |
| DOES #1-3, INCLUSIVE, | ) |
| | )   Judge Eli Richardson |
|     Defendants. | )   Magistrate Jeffery S. Frensley |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

COMES NOW the Plaintiff, Thomas E. Santoni ("Plaintiff" or "Santoni") by and through his undersigned counsel and pursuant to this Court's April 21, 2021 Order (ECF No. 41), respectfully submits that Defendant's Motion to Stay Discovery[1] (ECF No. 14) should be denied, and in support states as follows:

**I.    Introduction and Procedural Background**

Defendant's Motion to Stay Discovery is not grounded in law or fact. Plaintiff has good cause to be allowed to conduct discovery because Defendant Sarah Elizabeth Mueller (hereinafter "Defendant SE") has already egregiously abused the delay in discovery in this case thus far by altering, concealing, and/or destroying large quantities of highly relevant electronic evidence in this matter as more fully described in Plaintiff's Motion for Sanctions, Discovery, and Other Relief

---

[1] Defendant's Motion to Stay Discovery is not a stand-alone pleading, but rather relief requested in Defendant's Motion to Dismiss, to Stay Discovery, and for Attorney's Fees and Sanctions (ECF No. 14). Per this Court's April 21, 21 Order (ECF No. 44), Plaintiff's response herein addresses only Defendant's arguments with regard to the Motion to Stay Discovery.

for Defendant's Spoliation of Evidence (hereinafter, "Plaintiff's Sanction's Motion") (ECF No. 38) as well as the grounds more fully discussed in Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery (ECF No. 33). Accordingly, Defendant SE should not be allowed to hide behind a hollow Motion to Stay Discovery. To that end, Defendant's Motion to Stay Discovery does not specify any unique circumstances or showing of particularized unfair harm that Defendant would experience as a result of participating in discovery, whatsoever. Defendant's Motion[2] to Stay Discovery is solely predicated on the automatic stay provision of the Tennessee Public Participation Act (hereinafter the "TPPA"), Tennessee's new anti-SLAPP statute contained in Tenn. Code Ann. § 20-17-104(d). However, as a threshold matter, the TPPA, specifically including its automatic stay provision, directly conflicts with the Federal Rules of Civil Procedure and therefore does not apply in federal court. As such, Defendant's Motion to Stay Discovery should be denied.

**II.     Law and Argument**

    **A.     The TPPA and its automatic stay of discovery provision directly collide with the Federal Rules of Civil Procedure and are thus inapplicable in federal court.**

Tenn. Code Ann. § 20-17-104(d) provides:

> (a) If a legal action is filed in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may petition the court to dismiss the legal action. (b) Such a petition may be filed within sixty (60) calendar days from the date of service of the legal action or, in the court's discretion, at any later time that the court deems proper. (c) A response to the petition, including any opposing affidavits, may be served

---

[2] Plaintiff's Verified Complaint (ECF No. 1) alleges causes of action for (1) tortious interference with contract; (2) violation of the Tennessee Wiretapping and Electronic Surveillance Act; (3) violation of the Tennessee Personal and Commercial Computer Act; (4) false light; (5) Violation of the Stored Communications Act (18 U.S.C. § 2701); (6) intentional infliction of emotional distress; (7) violation of the Federal Wiretap Act (18 U.S.C. § 2511 et seq.; and for (8) Punitive Damages. However, Defendant's Petition under the TPPA only requests that counts 1, 4, and 6 be dismissed under the TPPA. (ECF No. 14 at 12).

> and filed by the opposing party no less than five (5) days before the hearing or, in the court's discretion, at any earlier time that the court deems proper. **(d) All discovery in the legal action is stayed upon the filing of a petition under this section. The stay of discovery remains in effect until the entry of an order ruling on the petition. The court may allow specified and limited discovery relevant to the petition upon a showing of good cause.** (emphasis added).

Tenn. Code Ann. § 20-17-104(d).

However, "[i]t is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). "Procedural state laws are not used in federal court if to do so would result in a "direct collision" with a Federal Rule of Civil Procedure" *Metabolife Int'l v. Wornick*, 264 F.3d 832 (9th Cir. 2001) (holding the automatic discovery stay in California's anti-SLAPP law did not apply in federal court because it conflicted with Fed. R. Civ. Pro 56) (citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)).

Though it does not appear to have taken up the issue of the TPPA's automatic stay of discovery provision specifically, this Court has already noted in *Lampo Grp., LLC v. Paffrath*, No. 3:18-CV-01402, 2019 WL 3305143 at n. 6 (M.D. Tenn. July 23, 2019) "that the standard provided by Tennessee's new anti-SLAPP law is different than that dictated by Federal Rules of Civil Procedure 8, 12, and 56." In *Lampo,* this Court held that Federal Rules of Civil Procedure "8, 12, and 56 are valid under the Rules Enabling Act and the Constitution and govern the same basic question as the California anti-SLAPP statute, the motion-to-strike procedure created by the California anti-SLAPP statute cannot apply in federal court." *Id*. at *4.

To that end, Plaintiff avers that following the 9th Circuit's logic in *Metabolife,* the automatic stay of discovery provision contained in Tenn. Code Ann. § 20-17-104(d) creates a default rule that makes discovery an exception rather than the rule. *Metabolife at 846*. This default stay of discovery directly collides with Federal Rule of Civil Procedure 56(f). "[T]he Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, the automatic stay of discovery provision of Tenn. Code Ann. § 20-17-104(d) cannot apply in federal court as it conflicts with the Federal Rules of Civil Procedure.

Moreover, the TPPA's automatic stay provision, and Defendant's Motion to Stay Discovery directly conflict with the Local Rules of this Court. The Local Rules of this Court specifically provide that "[d]iscovery is not stayed during the pendency of any motions, including dispositive motions," unless authorized by a Rule that is inapplicable here or a separate Order of the Court. *See* L.R. 16.01(g); *Benson v. Asurion Corp.*, 2010 WL 2253533, *2 (M.D. Tenn. June 1, 2010). "The mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Stirling v. Hunt*, 2012 WL 12899060, at *1 (W.D. Tenn. Nov. 15, 2012) (quoting *Falzone v. Licastro*, 2011 WL 13242876, *1 (N.D. Ohio Aug. 2, 2011)). As mentioned above, Defendant's Motion to Stay is Discovery is solely predicated on the TPPA's automatic stay. It does not plead any particularized harm or attempt to make the case that Defendant SE has good cause for a stay of discovery, whatsoever.

    **B.**     <u>**Plaintiff has good cause to be allowed to conduct discovery under the TPPA if it were to apply in federal court.**</u>

Assuming *arguendo*, that the TTPA and/or its automatic stay provision were to apply in federal court, Plaintiff easily satisfies the good cause exception as outlined in Tenn. Code Ann §

20-17-104(d) which provides "the court may allow specified and limited discovery relevant to the petition upon a showing of good cause." Tenn. Code Ann § 20-17-104(d). In this case, Plaintiff would suffer severe prejudice as a result of any further stay of discovery due to the intentional conduct of Defendant SE during the instant litigation. This conduct, as more fully discussed in Plaintiff's Motion for Sanctions (ECF No. 38), includes but is not limited to (1) catfishing Plaintiff on social media with a false identity, (2) proffering the false identity as a witness with discoverable information related to the nature of Plaintiff's online conduct and his behavior toward Defendant SE and others in her Rule 26 disclosures; then (3) subsequently deleting all of the Twitter communications that Defendant SE made to Plaintiff (under her assumed identity, @Miralaguna8); (4) deleting all the Twitter communications Defendant SE made to third parties (under her assumed identity @Miralaguna8) that are relevant to this lawsuit because they are either about Plaintiff and/or topics related to the instant litigation; (5) deleting hundreds if not thousands of Twitter communications from Defendant SE (under her known identity) to Plaintiff; and (6) deleting hundreds if not thousands of Twitter communications Defendant SE made to third parties (under her known identity) that are relevant to this lawsuit because they are either about Plaintiff and/or topics related to the instant litigation; (7) deleting Twitter communications from her other accounts specifically and obviously relevant to this Court's personal jurisdiction over Defendant SE and/or the questions of material fact raised in Defendant SE's Motion to Dismiss, Stay Discovery, and for Attorney Fee's and Sanctions (ECF No. 14). Thus, at the very least Plaintiff should be allowed to conduct the limited discovery requested in his pending Motion for Leave to Conduct Limited Jurisdictional Discovery (ECF No. 33) and his pending Motion for Sanctions (ECF No. 38), and Defendant's Motion to Stay Discovery should be denied.

5

Case 3:20-cv-00975   Document 46   Filed 05/07/21   Page 5 of 7 PageID #: 286

## III. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay Discovery should be denied. Thus, discovery should be allowed to proceed during the pendency of Defendant's Motion to Dismiss as provided in Plaintiff's Second Proposed Scheduling Order, and consistent with the standard practice in this District.

This 7th day of May, 2021.

Respectfully submitted,

/s/Jonathan M. Wolf

Bruce S. Kramer (#7472)
6000 Poplar Ave, Suite 150
Memphis, TN 38119
bkramer@appersoncrump.com
901-271-2710

Jonathan M. Wolf (#35445)
Jonathan M. Wolf, PLLC
1515 Demonbreun St. Suite 1408
Nashville, TN 37203
Jonathan@wolf.lawyer
615-422-5545

*Counsel for Plaintiff Thomas E. Santoni*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded via the District Court E-File system, to the following on May 7, 2021.

    Mark T. Freeman,
    2126 21st Avenue South
    Nashville, Tennessee 37212
    Mark@Freemanfuson.com
    Phone: 615-298-7272
    Fax: 615-298-727

                                          **/s/ Jonathan M. Wolf**
                                          Jonathan M. Wolf, Esq.