IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. SANTONI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00975 |
| ) | |
| SARAH ELIZABETH MUELLER AND ) | JURY TRIAL DEMANDED |
| DOES #1-3, INCLUSIVE, ) | |
| ) | Judge Eli Richardson |
| Defendants. ) | Magistrate Jeffery S. Frensley |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR SANCTIONS, DISCOVERY, AND OTHER RELIEF FOR SPOLIATION OF EVIDENCE**

COMES NOW the Plaintiff, Thomas E. Santoni ("Plaintiff" or "Santoni") by and through his undersigned counsel, and pursuant to Local Rule 7.01(4) and this Honorable Court's May12, 2021 Order (ECF No. 51), respectfully submits his Reply Memorandum in support of his Motion for Sanctions, Discovery, and Other Relief for Spoliation of Evidence (ECF No. 38) (hereinafter Plaintiff's Sanctions Motion") and states as follows:

**I. INTRODUCTION:**

Defendant filed a pleading captioned, Defendant's Response to Plaintiff's Memorandum of Law in Support of his Motion for Sanctions Discovery, and other Relief for Spoliation of Evidence (hereinafter, Defendant's "Memo Response") (ECF No. 47) on May 7, 2021. Other than in the title, that pleading does not actually mention Plaintiff's Sanctions Motion itself nor does it address any of the relief sought in Plaintiff's Sanctions Motion whatsoever. Defendant's Memo Response does not even request that Plaintiff's Sanctions Motion be denied, nor does it offer any legal basis for why it should be. It does not cite to a single case, does not offer any sworn testimony

other than the self-serving Declaration of Defendant SE, which ironically admits under oath the spoliation of evidence.

Defendant's Memo Response merely attempts to explain and justify the fraud she perpetuated on this Court by characterizing it as a series of "mistakes", "misstatements", or random actions without "malicious intent". Even though these explanations are without merit, Defendant should be estopped from making them because she steadfastly denied Plaintiff's allegations in all respects since at least March 3, 2021, leaving Plaintiff no choice but to file the instant Motion.[1] Defendant's Memo Response misstates, omits, and/or otherwise does not respond to the factual allegations in Plaintiff's Sanctions Motion.

Defendant has a history of using the multiple spoliated Twitter accounts to target, troll, and/or concoct false allegations against those who disagreed with her political views or otherwise angered her in online exchanges that she either instigated or sought out, similarly to what she did to Plaintiff. *See* <u>Exhibit A</u>, *Declaration of Nicole J. Monsees, Esq*. There is simply no innocent explanation for Defendant's deleting the entire @MiraLaguna8 and @Sarahextra3770 Twitter accounts and hundreds of individual tweets from her @sarahelizab370 and @lifeofsarah370 (formerly @LoveLaughVote) Twitter accounts after being served with process in this matter and after she named her @MiraLaguna8 Twitter account as a witness with discoverable information about Plaintiff's online conduct, in her Rule 26 Initial Disclosures. Accordingly, Plaintiff's Sanctions Motion should be granted.

---

[1] "We have spoken to our client about this matter, and we are unsure of what your client is referring to. If he would like to send over evidence of these claims, we will take a look at it." (Defense Counsel's March 3, 2021, response to Plaintiff's initial good faith attempt to confer regarding the spoliation, ECF No. 39-13).

## II. ARGUMENT

**A. After denying it for over two months and forcing Plaintiff to file the instant Motion, Defendant has ostensibly admitted to the substantive allegations in Plaintiff's Sanctions Motion.**

Defendant has perpetuated an outrageous fraud on Plaintiff, then on this Court, and then deleted evidence. Sanctions, discovery, and other relief are warranted as outlined in Plaintiff's Sanctions Motion because Defendant's Memo Response and her Declaration make it clear that Defendant (1) had control over the evidence and an obligation to preserve it at the time of destruction or loss; (2) acted with a culpable state of mind in destroying or losing the evidence; and that (3) the missing evidence is relevant to the Parties' claims and defenses. *In re: Global Technovations, Inc.*, 431 B.R. 739, 778 (E. D. Mich.2010) (citing *Pension Comm.*, 685 F. Supp.2d at 467); *see also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004).

In her Memo Response and Declaration in support, Defendant admits to catfishing Plaintiff with her @MiraLaguna8 Twitter account and that she knew Plaintiff did not know @MiraLaguna8 was in fact herself. (Mueller Sanctions Decl. (ECF No. 48 at p. 8); *See also* Memo Response (ECF No. 47 at p. 2). Next, Defendant admits that she listed her @MiraLaguna8 Twitter account as a witness with discoverable information related to Plaintiff's online conduct in her Rule 26 initial Disclosures. *See* Mueller Sanctions Decl. (ECF No. 48 at p. 8); *See also* Memo Response (ECF No. 47 at p. 4). Finally, Defendant admits that she deleted the entire @MiraLaguna8 account.[2] *See* Mueller Sanctions Decl. (ECF No. 48 at p. 9). It is important to note that while Defendant admits to deleting the @MiraLaguna8 account, her Memo Response makes no mention of the hundreds

---

[2] Plaintiff has established that the @MiraLaguna8 account was active as of the date Defendant was served with process in the instant lawsuit on November 19, 2020. (ECF No. 39 at p. 8) *See also*, <u>Exhibit B</u>, *Declaration of John L. Gehrig at ¶ 10*. Defendant's response and Declaration only state that the account was deleted by Defendant in November 2020. In her Declaration Defendant states, "my deletion of @miralaguna8 had nothing to do with Tom Santoni or impending litigation." (ECF No. 48 at p. 9). For clarification Plaintiff's Sanctions Motion expressly asserts that Defendant deleted the account *during* the instant litigation.

of other Twitter communications from the other accounts that she spoliated during the instant litigation as outlined in Plaintiff's Sanctions Motion. *See* <u>Exhibit B</u>, *Declaration of John L. Gehrig at ¶ 6-14*.

In her Declaration, Defendant states:

> "It was a mistake to list the @MiraLaguna8 as someone separate from myself with information about Tom Santoni and the claims against him. I had used another account, @butterfly4839, and I was confused about the @MiraLaguna8 account when it was listed on my disclosures. I initially created that account to discuss politics during the midterm elections in 2018 because I didn't want those discussions on my personal account. It was originally named butterfly4849 but was changed to @MiraLaguna8. I deleted the account when the Presidential election was over in November 2020. My deletion of @MiraLaguna8 had nothing to do with Tom Santoni or an impending litigation. I took a screenshot of my conversations on multiple accounts with Tom Santoni because I was afraid that he was going to get suspended, and I wanted to prove that I didn't do anything wrong if they tried to suspend my account, too.

*Mueller Sanctions Decl*, (ECF No. 48 at p. 9).

Plaintiff has established that Defendant deleted the @MiraLaguna8 account after she was served with process in this case. Defendant clearly had a duty to preserve the Twitter communications at issue, particularly those in the @MiraLaguna8 account because they were evidence related to virtually every aspect of this case, so much so that both Plaintiff and Defendant named @MiraLaguna8 as a witness in their Rule 26 Initial Disclosures. In fact, Plaintiff produced his Rule 26 Initial Disclosures three days before Defendant, so she even had the benefit of being able to review Plaintiff's witness list before submitting her own. Additionally, @MiraLaguna8 was one of just eight witnesses listed in that section, including Plaintiff and Plaintiff's wife. (ECF No. 39-5). Given the nature of the account, the suggestion that Defendant could "get confused" or list the account by mistake in her haste to submit the disclosures is not credible.

Defendant's statement "I initially created that account to discuss politics during the midterm elections in 2018 because I didn't want those discussions on my personal account" makes the @MiraLaguna8 Twitter account even more relevant to this litigation because Plaintiff and Defendant's relationship primarily consisted of banter related to politics. Moreover, Defendant has (erroneously) cited Plaintiff's political speech and alleged political views as justification for her tortious conduct as complained of in and throughout this lawsuit. Furthermore, Defendant has a well-documented history of using the @Miralaguna8 Twitter account to troll and make false allegations against those with whom she disagreed online. *See* <u>Exhibit A</u>, *Declaration of Nicole J. Monsees, Esq*; <u>Collective Exhibit C</u>, *Examples of other times Defendant was accused of making false allegations and/or harassing people with the @MiraLaguna8 account*; <u>Collective Exhibit D</u>, *Examples of instances where Defendant was accused of making false allegations and/or harassing people using the other spoliated Twitter accounts (e.g. @LifeofSarah370 (formerly @lovelaughvote), @SarahExtra3770, @Butterfly4849 (changed to @Miralaguna8))*. On these facts alone, it simply defies credulity that Defendant's deletion of the Twitter communications at issue was unrelated to Plaintiff and/or this litigation as she claims. Accordingly, because Defendant had been served with process in the matter, and they were clearly relevant, Defendant had a duty to preserve the Twitter communications she deleted, even under her version of events.

**B.** **<u>Defendant has a history of using the spoliated Twitter accounts to target, troll, and/or concoct false allegations against those who disagreed with her in online exchanges that she either instigated or sought out.</u>**

Defendant's alternate online identities, sometimes referred to in common internet parlance, as "sockpuppets", were created for the purpose of deception.[3] Defendant uses these alternate identities, sometimes referred to as "sockpuppet accounts" to speak to and/or about herself on

---

[3] By her own admission, Defendant created the @MiraLaguna8 Twitter account "to discuss politics during the midterm elections in 2018 because I didn't want those discussions on my personal account". (ECF No. 48 at p. 9).

Twitter, manipulate public opinion, create praise, make false allegations, and to circumvent blocks by Plaintiff and others. As discussed below, Defendant has a well-documented history of making false allegations and using her "sock puppet" accounts to troll people, create false flag narratives to sow disinformation, and/or advance uninformed and/or bigoted viewpoints that she attacks under her real persona, often in the same conversation.

In 2014, a Florida state circuit court in *Directions for Young Adults, Inc. v. Davis* (17th Jud. Cir., Broward Cty. September 26, 2014) (slip op.), held that sock puppetry, in the context of false customer reviews, was tortious interference with business relations, and awarded injunctive relief against it during the pendency of litigation. *Id.* The court found that "the act of falsifying multiple identities" is conduct that should be enjoined. *Id*. It explained that the conduct was wrongful "not because the statements are false or true, but because the conduct of making up names of persons who do not exist to post fake comments by fake people to support Defendants' position tortiously interferes with Plaintiffs' business" and such "conduct is inherently unfair." *Id*.

On May 26, 2020, Defendant, using the @MiraLaguna8 account, falsely accused an attorney of stalking her after the two got into a debate on Twitter. Exhibit A, *Declaration of Nicole J. Monsees ¶ 3-4.* Ironically, during that episode Defendant was using her @MiraLaguna8 account to manufacture outrage by defending a white woman who was caught on video calling 911 and falsely accusing a black man of threatening her. *Id at ¶ 2-3; See also* Collective Exhibit E. During that exchange, Defendant, pretending to the @MiralLaguna8, bragged about getting Plaintiff fired and specifically cited her relationship with attorneys for Plaintiff's former employer. *Id at ¶ 3*. Defendant was also simultaneously participating in that conversation under her known identity, from her main Twitter account @Sarahelizab370. She also subsequently deleted all of her tweets from the exchange from both accounts. *Id* at ¶ 4-7.

This behavior appears to be part of a larger pattern or scheme by Defendant where she uses her "sockpuppet" Twitter accounts to manufacture fake outrage or falsely accuse other users of "harassment" or "stalking", often in conversations that she is also participating in under her known identity with her main Twitter account @Sarahelizab370. She then deletes the offending Tweets or in some cases the entire account. See excerpted examples from Collective Exhibits C & D:





Collective Exhibits C & D, respectively.

### III. CONCLUSION

Defendant's Memo Response does not specifically address any of the relief sought in Plaintiff's Sanctions Motion. It does not even request that the Motion be denied, let alone offer a legal basis for why it should be. Accordingly, and based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant his Motion for Sanctions, Discovery, and Other Relief for Spoliation of Evidence (ECF No. 38).

This 19th day of May, 2021.

Respectfully submitted,

/s/Jonathan M. Wolf

Bruce S. Kramer (#7472)
6000 Poplar Ave, Suite 150
Memphis, TN 38119
bkramer@appersoncrump.com
901-271-2710

Jonathan M. Wolf (#35445)
Jonathan M. Wolf, PLLC
1515 Demonbreun St. Suite 1408
Nashville, TN 37203
Jonathan@wolf.lawyer
615-422-5545

*Counsel for Plaintiff Thomas E. Santoni*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded via the District Court E-File system, to the following on May 19, 2021.

    Mark T. Freeman,
    2126 21st Avenue South
    Nashville, Tennessee 37212
    Mark@Freemanfuson.com
    Phone: 615-298-7272
    Fax: 615-298-727

                                      **/s/ Jonathan M. Wolf**
                                      Jonathan M. Wolf, Esq.