IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. SANTONI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00975 |
| | ) |
| SARAH ELIZABETH MUELLER AND | ) |
| DOES #1-3, INCLUSIVE | ) Judge Eli Richardson |
| | ) Magistrate Jeffery S. Frensley |
| Defendants. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant Sarah Elizabeth Mueller ("Defendant"), by and through counsel, and respectfully submits this Response to Plaintiff's Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents. In support of this Response, Defendant states as follows:

### I. This Court Should Deny Plaintiff's Motion to Compel Because Defendant Has Sufficiently Responded to Plaintiff's Discovery Requests.

Defendant has sufficiently responded to Plaintiff's discovery requests. A party may file a motion for an order compelling a discovery response pursuant to Fed. R. Civ. P. 37. Reasons to file a motion to compel include when a party fails to answer an interrogatory submitted under Rule 33 or when a party fails to produce documents. *Id.*

Here, Plaintiff asserts that Defendant has failed to respond to numerous interrogatory requests, requests for production, and requests for admissions. However, the primary basis for Plaintiff's assertion is that Defendant has—and has always had—access to every single deleted tweet on her account. Such an assumption is unsubstantiated. Plaintiff relies on a couple of

1

Defendant's tweets to support his assertion and, in the process, Plaintiff has incorrectly misinterpreted the reality of Defendant's tweets. For example, Plaintiff cites Defendant's June 9, 2021 tweet, which states the following:

> Twitter is supposed to be fun. I learned this week Twitter can get you all the DMs sent to/from you from now suspended accounts. Filed under: things I wish I knew 18 months ago. Stay safe, y'all.

Plaintiff relies on the above tweet in an attempt to assert that Defendant is "in possession of. . . Twitter communications that she also admitted to deleting." (Plaintiff's Motion to Compel, at 11). Yet the above tweet is not referencing communications that Defendant "deleted." The tweet is referencing communications sent *to or from a suspended account*. Defendant's Twitter account has never been suspended, and therefore the tweet cannot be referencing any deleted communications from her account. In fact, between the two of them, only Plaintiff's account has even been suspended. Therefore, the assumption that this tweet supports the finding that Defendant is now in possession of deleted tweets responsive to Plaintiff's discovery requests is unsubstantiated and without merit because this tweet is not even in reference to Defendant's own account.

Plaintiff also assumes that the June 13 tweet means that Defendant "now claims to be in possession of" communications responsive to the discovery requests. But Defendant's tweet referencing deleted DMs does not support such an assertion. The June 13 tweet states:

> I wasted 12 hours reading an archive of all my Tweets – even deleted ones from long ago. At least I learned I'm sincere with a heart of gold. I've never felt so violated in my life like this past week. If there are decent Americans left, have a peaceful Sunday from Arizona.

Plaintiff's key misinterpretation of the above tweet is that such deleted tweets are relevant to his discovery requests. Just because Defendant spent twelve hours reading tweets does not mean that such tweets were in any way responsive to Plaintiff's discovery requests. In fact, Defendant

2

determined that such tweets were not responsive to the discovery requests in this litigation. Even so, Defendant is willingly providing the entire archive referenced in this tweet to Plaintiff in an act going beyond mere compliance with his discovery requests.

Throughout this litigation, Defendant has sufficiently responded to Plaintiff's requests for discovery. To the extent that Plaintiff contends Defendant is in possession of deleted evidence, Plaintiff mistakenly assumes that such tweets refer to her own accounts and that the deleted evidence is even relevant to this case, effectively taking Defendant's tweets out of context and grossly misinterpreting them.

### II. This Court Should Deny Plaintiff's Motion to Compel Because Plaintiff Has Not Established That Defendant Violated Fed. R. Civ. P. 37(e).

Plaintiff has not established that Defendant has failed to take reasonable steps to preserve electronically stored information *and* that such failure is (1) prejudicial to Plaintiff, or (2) with the intent to deprive Plaintiff within the meaning of Fed. R. Civ. P. 37(e).

Here, Plaintiff asserts that he is prejudiced due to the "time and resources he has been forced to expend tracking down electronic evidence Defendant intentionally deleted." (Plaintiff's Memorandum at 16). This contention, however, does not rise to the level of prejudice under Fed. R. Civ. P. 37(e). Firstly, Plaintiff is not prejudiced because he references an archive that he does not know the contents of. As such, he has not established that this archive even provides any relevant and useful information to his case. Additionally, Defendant is providing this archive to Plaintiff at the time of this filing, and any such prejudice is thus remedied. Secondly, Plaintiff has not shown that Defendant set out to intentionally deprive Plaintiff. If anything, Defendant's spending twelve hours reviewing her archive is an act in furtherance of complying with the discovery requests and exerting extra time and effort to provide Plaintiff responsive discovery.

Furthermore, such failure to establish bad-faith conduct does not support the contention that this Court should sanction Defendant. *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (Imposing sanctions after a finding of bad faith conduct). Sanctions must be "reasonable in light of the circumstances." *Id.* at 1453. Here, Plaintiff has failed to establish Defendant's bad faith conduct because (1) he improperly asserts that she is in possession of relevant deleted information to begin with, (2) any such information that Plaintiff claims is relevant to his case would be in Defendant's archive, which she is willingly providing at the time of this filing, and (3) Defendant has gone beyond the requirements of complying with Plaintiff's discovery requests by spending extra time and energy reviewing her past information in good faith efforts to be forthcoming with Plaintiff.

## **CONCLUSION**

Defendant has been a frequent Twitter user for years. Therefore, she has thousands of tweets that she has spent numerous hours reviewing to comply with Plaintiff's discovery requests. In an attempt to claim Defendant is in possession of deleted relevant information, Plaintiff has falsely taken Defendant's tweets out of context and misinterpreted them. Even so, Defendant has taken the further step to provide her archive to Plaintiff, which would contain any information that Plaintiff is seeking. For the foregoing reasons, this Court should deny Plaintiff's Motion to Compel.

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing has been sent via the Court's e-filing system to the following, this the 9th day of August, 2021:

Bruce S. Kramer
Apperson Crump PLC
6000 Poplar Avenue
Suite 150
Memphis, TN 38119
(901) 756-6300
Fax: (901) 757-1296
bkramer@appersoncrump.com


Jonathan M. Wolf
1515 Demonbreun St. Suite #1408
Nashvile, TN 37203
Jonathan@wolf.lawyer
615-422-5545

                                              **/s/ Mark T. Freeman**
                                              Mark T. Freeman, Esq.

5

Case 3:20-cv-00975   Document 70   Filed 08/09/21   Page 5 of 5 PageID #: 1039