IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS E. SANTONI, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 3:20-cv-00975 |
| v. | ) | Judge Richardson/Frensley |
| | ) | Jury Demand |
| SARAH ELIZABETH MUELLER AND | ) | |
| DOES #1-3, INCLUSIVE | ) | |
|     Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Sanctions, Discovery, and other Relief for Spoliation of Evidence. Docket No. 38. Defendant filed a response (Docket No. 47) and a declaration in support of that response (Docket No. 48). Plaintiff filed a reply (Docket No. 52). For the reasons stated below, Plaintiff's motion will be **GRANTED** in part and **DENIED** in part.

## I. INTRODUCTION

Plaintiff Thomas Santoni alleges that Defendant Sarah Elizabeth Mueller "deleted large quantities of highly relevant electronic evidence" from Defendant's Twitter account and requests "leave to conduct discovery on the spoliation as well as impose sanctions on Defendant." Docket No. 39, pp. 1-3. Defendant responds that her "account was deleted after the 2020 Presidential election . . . and not because of any impending litigation." Docket No. 47, p. 2. In his reply, Plaintiff contends that Defendant's response "does not even request that Plaintiff's Sanctions be denied, nor does it offer any legal basis for why it should be." Docket No. 52, p. 1. Plaintiff requests the following relief:

    1.    that the Court enter an Order specifically prohibiting Defendant SE from destroying, altering, or hiding evidence that is related to either her contacts with the forum giving rise to this Court's personal jurisdiction and/or Plaintiff's substantive claims in this action.

2. that Plaintiff be immediately granted leave of Court to issue third-party subpoenas as well as propound written discovery to Defendant SE, necessary to ascertain the full nature and extent of Defendant SE's spoliation as well as to preserve all remaining relevant evidence in this case.

3. that within 10 days of this Court's Order, Defendant SE be required to submit a list of devices, drives, and internet accounts that at any point contained and/or still contain electronic evidence relevant in this case, including but not limited to text messages, emails, Tweets, instant messages, and to propose at least two independent IT professionals for the Court's consideration, one of whom will be selected to create digital forensic images of said devices, at Defendant SE's expense, on any schedule the Court chooses;

4. that Defendant SE be made available for a remote video deposition on all matters presented in this Motion, specifically regarding Defendant SE's willful destruction of electronic evidence, within 30 days of the Court's Order on this Motion;

5. that pending an evidencairy (sic) hearing, the Court make an entry of Default Judgment in favor of Plaintiff. In the alternative, Plaintiff respectfully requests an adverse inference jury instruction that the missing or destroyed evidence would have been unfavorable to Defendant SE;

6. that Defendant SE be ordered to pay all Plaintiff's legal fees and expenses charges and cost directly or indirectly associated with the preparation of this filing including but not limited to all experts fees costs charges and actual attorneys' fees associated with the filing and briefing of this Motion as well as all costs associated with recovering and/or preserving the electronic evidence at issue;

7. any other relief that this Honorable Court deems necessary and proper.

Docket No. 38, pp. 3-4.

## II. STANDARD OF REVIEW

Spoliation occurs when there is "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 465 (M.D. Tenn. 2018) (*citing Clark Constr. Group, Inc. v. City of Memphis*, 229 F.R.D. 131, 136 (W.D. Tenn. 2005)). Spoliation of electronically stored information (ESI) and accompanying remedies are controlled by federal law

under Federal Rule of Civil Procedure 37(e). *See Parrish v. Dollar Gen. Corp.*, 680 F. App'x 423, 425 (6th Cir. 2017); *Adkins v. Wolever*, 554 F.3d 650, 651-52 (6th Cir. 2009) (en banc); Fed. R. Civ. P. 37(e).

The Federal Rules of Civil Procedure provide that when a party loses ESI that it had a duty to preserve, the court may:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Federal courts have "broad discretion to craft proper sanctions for spoliated evidence." *See Adkins*, 554 F. 3d at 651. "Because failures to produce relevant evidence fall 'along a continuum of fault—ranging from innocence through the degrees of negligence to intentionality,' the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault. *Id.* at 652-53 (*quoting Welsh v. United States*, 844 F. 2d 1239, 1246 (6th Cir. 1988).

### III. ANALYSIS

Plaintiff contends that Defendant's duty to preserve relevant evidence "arose immediately upon learning of the filing of Plaintiff's Complaint on November 19, 2020, at the absolute latest." Docket No. 39, p. 18. Plaintiff also contends that it is "highly likely" than the duty "was triggered long before she was served with process," such as when, "[f]or example, Defendant SE wrote to

3

Case 3:20-cv-00975    Document 71    Filed 09/03/21    Page 3 of 6 PageID #: 1042

counsel for Plaintiff's former employer on January 20, 2020." *Id.*

In her response and supporting declaration, Defendant readily admits that she deleted the @MiraLaguna8 account following the November 2020 presidential election. Docket No. 47, p. 4; Docket No. 48, p. 9. Defendant argues this deletion "had nothing to do with impending litigation." Docket No. 47, p. 4. Instead, Defendant maintains that "@MiraLaguna8, was created during the Midterm elections in 2018 in order for the Defendant to have political conversations . . . and was deleted after the 2020 Presidential election because she no longer had a use for it." *Id.* at 1-2.

To warrant severe sanctions, a party must show that:

> (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Billiter*, 329 F. Supp. 3d at 466.

"Relevancy means that the evidence 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Clark*, 229 F. R. D. at 137 (*quoting* Fed. R. Civ. P. 26(b)(1) and *citing Coleman v. Am. Red Cross*, 23 F. 3d 1091, 1097 (6th Cir.1994)). "In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and 'is . . . within the broad discretion of the trial court.'" *Clark* (*quoting Lewis v. ACB Business Servs. Inc.*, 135 F. 3d 389, 402 (6th Cir.1998)).

The Court finds that the twitter communications made by the @MiraLaguna Twitter account are relevant to the Plaintiff's claims and Defendant's defenses. Defendant communicated with Plaintiff using the @MiraLaguna8 account, (Docket No. 47, p. 2) listed Twitter account @MiraLaguna8 in her Rule 26 Initial Disclosures, (*Id.* at 4) and does not argue that posts and conversations from that account are not relevant to this litigation.

4

The Court also finds that a duty to preserve existed as of November 2020 when the account was deleted. The duty to preserve evidence is triggered with an event that puts a party on "notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F. 3d 448, 459 (6th Cir. 2008) (internal citations omitted). Defendant was on notice, or should have been on notice, that Twitter communications were relevant to this litigation when she was served with process on November 19, 2020, and Twitter interactions with the @MiraLaguna8 account establish that it was deleted on or after this date. *See* Docket No. 35, p. 3-4. Further, she was on notice because she filed a complaint with Plaintiff's employers, which included allegations that are the subject of this litigation. *See* Docket No. 47, p. 2; Docket No. 48, p. 9.

However, the record evidence does not support a culpable state of mind required for severe sanctions. "The more severe sanctions available under Rule 37(e)(2), including an adverse inference jury instruction, may be imposed only on a finding of specific intent 'to deprive another party of the information's use in the litigation.'" *EPAC Technologies, Inc. v. Harpercollins Christian Publishing, Inc.*, No. 3:12-cv-00463, 2019 WL 109371, at *15 (M. D. Tenn. Jan. 4, 2019) (*citing* Fed. R. Civ. P. 37(e)(2)). "A showing of negligence or even gross negligence will not do the trick." *Applebaum v. Target Corp.*, 831 F. 3d 740, 745 (6th Cir. 2016).

Plaintiff does not contend that he delivered to Defendant a spoliation, prevention, or preservation letter prior to the filing of his Complaint or service of process to Defendant on November 19, 2020. While Defendant readily admits to deleting her political Twitter account following the presidential election, Plaintiff does not present evidence establishing specific intent to deprive him of the information's use in the litigation. *See* Fed. R. Civ. P. 37(e)(2).

While the evidence is insufficient to impose more severe sanctions, the Court concludes

that some evidentiary sanctions for additional discovery, forensic analysis, and cost shifting are appropriate, because Defendant deleted relevant electronic evidence that she had a duty to retain. Additional discovery, forensic analysis, and cost shifting to the Defendant are appropriate because Defendant deleted relevant electronic evidence that she had a duty to retain. While the court does not impose severe sanctions at this time, remedies such as negative inferences or default judgment are reserved if the parties cannot procure the relevant information.

The Plaintiff's Motion for Sanctions, Discovery, and Other Relief for Spoliation of Evidence (Docket No. 38) is **GRANTED** in part and **DENIED** in part.

The Court orders that:

1. Defendant is prohibited from destroying, altering, or hiding evidence related to her contacts with the forum giving rise to this Court's personal jurisdiction and Plaintiff's claims in this action;

2. Plaintiff shall be granted leave to issue third-party subpoenas and propound written discovery to Defendant;

3. Defendant shall be required to submit a list of devices, drives, and internet accounts that at any point contained and/or still contain electronic evidence relevant to this case and propose at least two independent IT professionals, one of whom will create digital forensic images of said devices at Defendant's expense;

4. Defendant shall be made available for a remote video deposition on all matters presented in this Motion within 30 days of this order; and

5. Defendant pay all costs associated with recovering and/or preserving electronic evidence.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**