IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. SANTONI, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SARAH ELIZABETH MUELLER AND )<br>DOES #1-3, INCLUSIVE )<br>    Defendants. ) | Civil Action No. 3:20-cv-00975<br>Judge Richardson/Frensley<br>Jury Demand |

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents. Docket No. 68. Plaintiff has filed a supporting memorandum of law with a number of attachments. Docket No. 69. Defendant has filed a response to the motion to compel. Docket No. 70. For the reasons stated herein, Plaintiff's motion is **DENIED as moot.**

### I.  INTRODUCTION

Plaintiff filed a Motion for Sanctions, Discovery and Other Relief For Spoliation of the Evidence based upon the allegation that Defendant deleted large quantities of relevant electronic evidence. Docket No. 38. In response to that Motion, the Defendant admitted that at least one twitter account was deleted after the 2020 presidential election. Docket No. 47, p. 2. The Plaintiff sought sanctions and other relief as a result of the deleted electronic evidence. Docket No. 38.

In the instant motion filed while the previous motion for sanctions was pending, the Plaintiff realleged his previous allegations that Defendant had intentionally deleted relevant electronic communications. Docket No. 69, p. 2. He further asserted that non-party, Twitter, Inc., has confirmed that the content of the deleted messages from 2 deleted accounts are no longer available. *Id.* However, Plaintiff asserts that Defendant has indicated that she is still in possession

of the deleted communication that are the subject of the sanctions motion. *Id.* Specifically, Plaintiff points to social media posts allegedly made by the Defendant indicating that she was in possession of copies of the communications that she had admitted to deleting. Docket No. 69, p. 11. As a result, Plaintiff asserts that the Defendant should be compelled to produce copies of the communications in her possession for which she has access to that she previously acknowledged deleting. *Id.* at pp. 15-16.

In response to the motion, Defendant asserts that Plaintiff's assumption that she has access to every single deleted tweet on her account is unsubstantiated. Docket No. 70, pp. 1-2. Defendant contends that her statements relied upon by Plaintiff for its assertion she has access to this information referred to communications sent to or from a suspended account and that any archived deleted tweets she does have access to are not relevant to the discovery requests. *Id.* pp. 2-3. Nonetheless, Defendant indicates that she is providing the entire archive referenced in the tweet to Plaintiff. *Id.* at p. 3. Defendant argues that sanctions are not appropriate because Plaintiff has not established that the Defendant failed to take reasonable steps to preserve electronically stored information and that such failure is prejudicial to the Plaintiff or intended to deprive Plaintiff of relevant evidence. *Id.* .

Defendant's electronic communications referencing the Plaintiff or any of the claims or defenses in this matter are relevant and discoverable. To the extent that the Defendant has access to relevant information responsive to Plaintiff's discovery requests, she has a duty to produce that information whether it is in the form of an active social media account, deleted social media account or any other format. Defendant has indicated that she is providing the entire archive referenced in her June 13, 2021 tweet that Plaintiff asserts establishes that she has access to deleted tweets. *Id.* at pp. 2-3. Defendant's agreement to produce the archived tweets does not relieve her

2

Case 3:20-cv-00975    Document 72    Filed 09/03/21    Page 2 of 3 PageID #: 1047

of responsibility to produce responsive information to Plaintiff's requests regardless of format. However, to the extent that Plaintiff specifically references these archives of deleted tweets in support of his motion, Defendant's agreement to produce the entire archive renders the Plaintiff's motion to compel moot. All other issues are reserved.

For the reasons set forth herein, Plaintiff's Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents (Docket No. 68) is **DENIED as moot.**

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**