IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. SANTONI | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:20-cv-00975 |
| | ) |
| SARAH ELIZABETH MUELLER AND | ) |
| DOES #1-3, INCLUSIVE | )   Judge Eli Richardson |
| | )   Magistrate Jeffery S. Frensley |
|     Defendants. | ) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT

Comes now the Defendant Sarah Elizabeth Mueller ("Defendant"), by and through counsel, and respectfully submits this Response in Opposition to Plaintiff's Motion for Leave to File First Amended Verified Complaint. In support of this Response, Defendant states as follows:

### LAW AND ARGUMENT

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave." The court should give leave "when justice so requires." *Id.* A court should deny a motion to amend a complaint if the amendment "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)(Citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Here, Plaintiff's motion for leave to file an amended complaint should be denied because (I) the proposed amendment is brought in bad faith and for dilatory purposes, and (II) the proposed amendment would result in undue delay or prejudice to the Defendant.

### I. This Court Should Deny Plaintiff's Motion For Leave to File First Amended Verified Complaint Because the Proposed Amendment is Brought in Bad Faith and for Dilatory Purposes.

Plaintiff's motion for leave to file an amended complaint should be denied because the proposed amendment is brought in bad faith and for dilatory purposes. A court should deny a motion to amend a complaint that is brought in bad faith and for dilatory purposes. *Colvin*, 605 F.3d at 294.

This proposed Complaint is brought in bad faith and for dilatory purposes because Plaintiff has failed to provide a basis or argument in support of seeking an amendment based on alleged actions that have occurred after filing the original complaint. Plaintiff filed this Motion for Leave to Amend based on his "ongoing investigation and discovery of Defendants' actions." *See Plaintiff's Memorandum in Support of Motion for Leave to File the First Amended Verified Complaint* at 3. These "discovered" alleged actions of Defendant have already been described in Plaintiff's Motion for Sanctions, Discovery and Other Relief for Spoliation of Evidence filed April 13, 2021, his Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents filed July 26, 2021, and his Motion to Show Cause and for Civil Contempt and Sanctions filed December 15, 2021. The Court's September 3, 2021 Order already found that Plaintiff did not present evidence sufficient to order sanctions, which would include "establishing specific intent to deprive him of the information's use in the litigation" pursuant to Fed. R. Civ. P. 37(e)(2). However, Plaintiff yet again filed a Motion to Show Cause and for Civil Contempt and Sanctions regarding the Defendant's alleged spoliation of evidence in December of 2021. Although this Motion is still pending before this Court, Plaintiff now seeks to file an Amended Complaint to raise the same arguments without providing a basis for this amendment, while the

issue of spoliation is still currently being litigated. Therefore, Defendant respectfully submits that this Motion For Leave is made in bad faith and for dilatory purposes.

> **II. This Court Should Deny Plaintiff's Motion For Leave to File First Amended Verified Complaint Because the Proposed Amendment Would Result in Undue Delay or Prejudice.**

Plaintiff's motion for leave to file an amended complaint should be denied because the proposed amendment would result in undue delay or prejudice. A court should deny a motion to amend a complaint that results in undue delay or prejudice to the opposing party. *Colvin*, 605 F.3d at 294.

Plaintiff's proposed amendment would result in undue delay because the issues and allegations raised in the proposed amendment are already being litigated. Based on allegations that Defendant has been spoliating evidence, Plaintiff has already filed a Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents on July 25, 2021. This Motion to Compel argues that Defendant has wrongfully withheld evidence of a @Miralaguna8 account. Then, on December 15, 2021, Plaintiff filed a Motion to Show Cause and For Civil Contempt and Sanctions, again arguing that Defendant withheld evidence from the @Miralaguna8 account and a @SarahExtra3770 Twitter account. This motion is still pending before the court. Now, in his Proposed First Amended Verified Complaint, Plaintiff adds a claim of civil conspiracy based on allegations that "Defendant SE has been steadily and illegally deleting, hiding, and/or secreting electronic evidence relevant to this case" because of her "deletion of the @Miralaguna8 Twitter account on or about November 19, 2020, @SarahExtra3770 Twitter account." *See Plaintiff's Proposed First Amended Verified Complaint*, at 38. Plaintiff brings this argument before the Court while his Motion to Show Cause and for Civil Contempt—which raises the same

argument—is still pending. Therefore, Plaintiff's proposed amendment would result in undue delay because the issues relevant to this amendment are already pending before this Court.

Plaintiff's proposed amendment would also result in prejudice to the Defendant. As articulated above, Plaintiff has been raising the same allegations and arguments against her in the form of his Motions for Sanctions, to Compel, and for Civil Contempt that have been filed throughout this proceeding. Defendant has already responded to the allegations against her that have now been inserted in Defendant's Proposed Complaint, and this Proposed Amended Complaint would result in a reiteration of these issues.

Therefore, this Court should deny Plaintiff's Motion for Leave to File First Amended Verified Complaint because the amendment would result in undue delay and prejudice to the opposing party.

## CONCLUSION

Overall, justice does not require allowing leave for Plaintiff to file his proposed amended complaint in this matter. Plaintiff has failed to show how adding allegations of Defendant's actions during this proceeding will benefit his case instead of only resulting in undue delay. Therefore, based on the foregoing, this Court should deny Plaintiff's Motion for Leave to File First Amended Verified Complaint.

        **Respectfully submitted,**
        **FREEMAN & FUSON**

        **/s/ Mark T. Freeman**
        **Mark T. Freeman, Esq. (#16098)**
        2126 21st Avenue South
        Nashville, Tennessee 37212
        mark@freemanfuson.com
        Phone: 615-298-7272
        Fax: 615-298-7274
        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify a true and correct copy of the foregoing has been sent via the Court's e-filing system to the following, this the 20th day of June, 2022:

Jonathan M. Wolf
1515 Demonbreun St. Suite #1408
Nashvile, TN 37203
Jonathan@wolf.lawyer
615-422-5545

                **/s/ Mark T. Freeman**
                Mark T. Freeman, Esq.