IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. SANTONI, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:20-cv-00975 |
| v. ) | Judge Richardson/Frensley |
| ) | |
| SARAH ELIZABETH MUELLER AND ) | |
| DOES #1-3, INCLUSIVE ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff Thomas E. Santoni's Motion for Order to Show Cause and for Civil Contempt and Sanctions (the "Contempt Motion"). Docket No. 83. Plaintiff also filed a Memorandum of Law in support of the Contempt Motion, and two exhibits containing excerpts from Plaintiff's deposition of Defendant Sarah Elizabeth Mueller. Docket No. 84. Defendant filed a Response to the Motion. Docket No. 92. Plaintiff filed a Reply. Docket No. 98. For the reasons stated below, the Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

## I. INTRODUCTION

Plaintiff's Contempt Motion is the latest development in a series of increasingly contentious litigation proceedings regarding online interactions between Plaintiff and Defendant across several social media sites and the alleged tortious conduct of Defendant during and subsequent to these interactions. On April 13, 2021, Plaintiff filed a motion for Sanctions, Discovery, and other Relief for Spoliation of Evidence. Docket No. 38. On September 3, 2021, the Court granted the motion in part and denied it in part, and ordered that:

1. Defendant is prohibited from destroying, altering, or hiding evidence related to her contacts with the forum giving rise to this Court's personal jurisdiction and Plaintiff's claims in this action;

2. Plaintiff shall be granted leave to issue third-party subpoenas and propound written discovery to Defendant;

3. Defendant shall be required to submit a list of devices, drives, and internet accounts that at any point contained and/or still contain electronic evidence relevant to this case and propose at least two independent IT professionals, one of whom will create digital forensic images of said devices at Defendant's expense;

4. Defendant shall be made available for a remote video deposition on all matters presented in this Motion within 30 days of this order; and

5. Defendant [must] pay all costs associated with recovering and/or preserving electronic evidence.

Docket No. 71, p. 6.

On July 26, 2021, while the Motion for Sanctions, Discovery, and Other Relief for Spoliation of Evidence was still pending, Plaintiff filed a Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents. Docket No. 68. The Court denied this Motion as moot to the extent that Plaintiff referenced Defendant's archives of deleted tweets because Defendant's Response brief (Docket No. 70) indicated her agreement to produce to Plaintiff the entire archive. Docket No. 72.

The Contempt Motion (Docket No. 83) presently before the Court and Plaintiff's supporting Memorandum of Law (Docket No. 84) assert that Defendant[1] engaged in the following behavior:

1. Expressly refused to submit an accurate list of devices, drives, and internet accounts that at any point contained and/or still contain electronic evidence relevant to this case and propose at least two independent IT professionals, one of whom will create digital forensic images of said devices at Defendant SE's expense;

2. Egregiously and flagrantly, altered, [hid], and/or destroyed additional electronic evidence relevant to Plaintiff's claims in this litigation, after entry of this Court's September 3, 2021 Orders (ECF No. 71 & 72);

---

[1] Plaintiff's materials refer to Defendant Sarah Elizabeth Mueller as "Defendant SE" throughout; the Court will continue to refer to Ms. Mueller as "Defendant."

3. Openly suggested under oath that she would offer perjurious testimony from a witness as a substitute for the illegally withheld, hidden, or destroyed evidence; and

4. Made fundamental and intentional material misrepresentations and omissions to this Court and Plaintiff's counsel in her response to Plaintiff's Motion to Compel the Production of Spoliated Documents and Wrongfully Withheld Documents (ECF No. 68-69) in order to conceal her tortious and fraudulent conduct regarding the spoliated and/or illegally withheld electronic evidence.

Docket No. 83, pp. 1-2.

Plaintiff's Contempt Motion requests that the Court grant the following relief:

1. That the Court enter an order setting a hearing (at the Court's earliest convenience) requiring Defendant SE to appear and show cause, if any she has, why she should not be held in contempt for violation of the Court's September 3, 2021, Order (ECF No. 71);

2. That the Court require Defendant SE, to state under penalty of perjury, a comprehensive accounting of every electronic device, drive, and internet account that at any point contained and/or still contains electronic evidence relevant to this to this case (specifically including but not limited to any of her electronic communications with Plaintiff, under her own name and/or any of her aliases) with a brief summary of the information contained, the dates, and its whereabouts, within 48 hours of the Court's order on this Motion;

3. That the Court require Defendant SE to physically submit her cellular phone(s), computer(s), and/or any of the physical items in the aforementioned accounting to Lighthouse Solutions in Scottsdale, Arizona, or another comparable digital forensics contractor, for digital forensic imaging, at Defendant SE's expense, within 48 hours of the Court's order on this motion;

4. That the Court enter an order requiring Defendant SE to revert her social media accounts' privacy settings to the same as they were on the day of the Court's September 3, 2021 Order;

5. That the Court enter an order requiring Defendant SE to produce all of the outstanding documents that she testified under oath that she had already produced or testified under oath that she would produce by a date that has now passed;

6. That following the hearing and failure of Defendant SE to show cause, the Court hold Defendant SE in contempt of this Court's September 3, 2021 Order (ECF No. 71) and impose such sanctions as the Court deems appropriate, including

  entering judgment against Defendant SE for the relief requested in Plaintiff's Verified Complaint and award Plaintiff his attorney fees and costs associated with the preparation and filing of this Motion and Plaintiff's prior Motion to Compel Defendant's Production of Spoliated and Wrongfully Withheld Documents (ECF No. 68-69); and

7. All such further relief, both general and specific to which this Court deems necessary and proper under the circumstances.

Docket No. 83, pp. 2-3.

  Defendant's Response brief (Docket No. 92) leaves much to be desired in the way of explanation for her behavior or rebuttal of Plaintiff's claims. Defendant asserts that she "believes she has produced all responsive discovery" and that "to the extent any documents were inadvertently missed, Defendant now provides such discovery," referencing the two attached exhibits. *Id.* at 1. Exhibit A contains a picture of an email from Twitter Support that states "Your account [@miralaguna8] was permanently deactivated on 2020-12-20. Unfortunately, all associated information is no longer available in our Production Tools." *Id.*, Attachment No. 1. Exhibit B contains a one-page collage of 15 screenshots from Twitter, Parler, and direct messages. *Id.*, Attachment No. 2. Defendant asserts that these screenshots are "the only discovery in Defendant's possession regarding the SarahExtra3770 account." *Id.* at 2. However, due to the size at which these screenshots were reproduced in order to fit all of them onto one page, many of them are illegible.

  Defendant also "agrees to make her @lifeofsarah370 account public and to obtain the information of two IT professionals" who could create digital forensic images of her devices. *Id.* Defendant requested until February 7, 202[2], to identify and schedule a time to meet with these professionals because she was recovering from surgery at the time of her Response and was unable to walk. *Id.* Defendant did not provide any explanation for having failed to identify or contact two

4

Case 3:20-cv-00975   Document 107   Filed 06/23/22   Page 4 of 14 PageID #: 1292

such IT professionals during the three-month period between the Court's September 2021 Order and the filing of Defendant's Response brief.

Plaintiff's Reply brief asserts Defendant's continued noncompliance with the Court's prior orders, which were six and a half months old at that time. Docket No. 98, pp. 2-4. Plaintiff also pointed out that despite the promises in Defendant's Response, Defendant had not made her @LifeofSarah370 Twitter account public, and moreover, had specifically blocked Plaintiff's counsel from viewing both her @SarahElizab370 and @LifeofSarah370 Twitter accounts, as evidenced by screenshots taken by Plaintiff's counsel on February 13, 2022. *Id.* at 4-7. Finally, according to Plaintiff's Memorandum of Law in Support of Motion for Leave to File First Amended Verified Complaint (Docket No. 104), as of June 7, 2022, Defendant still had not complied with the September 2021 Orders. *Id.* at 2.

## II. LAW AND ANALYSIS

The power to punish for contempt of court is one of the Court's strongest tools for the supervision and enforcement of its orders and is not used lightly. *Electrical Workers Pension Trust Fund of Local Union v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "Contempt proceedings enforce the message that court orders are to be complied with in a prompt manner." *Id.* (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Judicial sanctions, in turn, "may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 448-49 (1911)).

"A litigant may be held in contempt if his adversary shows by clear and convincing evidence that he 'violated a definite and specific order of the court requiring him to perform or

5

refrain from performing a particular act or acts with knowledge of the court's order.'" *Cincinnati Bronze*, 829 F.2d at 591 (quoting *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). "The 'definite and specific' requirement guards against arbitrary exercises of the contempt power. Contempt cannot be based on a decree too vague to be understood, but is instead reserved for those who fully understand the meaning of a court order and yet choose to ignore its mandate." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (citations omitted) (internal quotation marks omitted).

Once the movant establishes his prima facie case, the burden shifts to the alleged contemnor, who "may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757) (emphasis in original). A defendant's burden of production in raising this defense requires him to "show categorically and in detail why he or she is unable to comply." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (citations omitted). The Court also considers whether the defendant "took all reasonable steps within his power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989) (citations omitted).

### A. Violations of the Court's Order

In Defendant's September deposition, she admitted to her noncompliance with the Court's September 3, 2021 Order (Docket No. 71) and did not seem to have any intentions of complying in the then-near future.

> **Q:** Have you sent the names of the professionals to your attorney?
> **A:** No, I have not. I don't even know how you find that stuff, Jonathan. You pick two professionals. I don't care at this point because this is ridiculous.
> **Q:** The Court has ordered you to do this and you are telling me you have not complied with it?

> **A:** There's no deadline on it. Since I don't have the devices I don't understand what that's going to accomplish.

Docket No. 84, Ex. 1, p. 8.

Two weeks later, when Defendant was deposed again (*Id.*, Ex. 2), she confirmed that she still had not proposed two IT professionals who could take digital forensic imaging of her electronic devices, as required by the Court's September 2021 Order (Docket No. 71, p. 6) and again failed to explain her failure to comply. Defendant repeated on several occasions (Docket No. 84, Ex. 1, p. 8; *Id.*, Ex. 2, pp. 4, 7) that she no longer has access to all of the same electronic devices she had used during the incidents spawning this litigation. Defendant seemed to believe this excused her from needing to find the IT experts at all, despite admitting that her current electronic devices also contained data relevant to this litigation, and potentially some of the data which would have been recoverable from the older devices as well.

> **Q:** And you also haven't complied with this Court's order, have you?
> **A:** What?
> **Q:** The comprehensive list of –
> **A:** Yeah. I sent the list to Kinley.
> **Q:** And you did – and it has the names of two IT professionals that –
> **A:** No, I don't have that – I don't have the devices that I was using back then to look at that.
> **Q:** But these devices that you're currently using have evidence from those devices about this case.
> **A:** No, I don't think so. Why would – I'm not all those people on Twitter, so they wouldn't.
> **Q:** Well they also have your – the account – the Twitter accounts that you do admit to having, those are used on these devices, correct?
> **A:** Right.

*Id.*, Ex. 2, p. 7.

Defendant also evaded many of Plaintiff's counsel's questions about her spoliation of evidence, particularly about deleting one of her Twitter accounts on November 20, 2020, the day

7

after she was served with process (Docket No. 9) for this litigation. Defendant appeared to believe that Plaintiff's counsel was "stalking" her because of this interest in her online activity.

> **Q:** Then you deleted the account.
> **A:** I didn't think of Tom Santoni when I deleted the account. I was wanting to clean up after the election
> ...
> **Q:** You posted about this litigation –
> **A:** Right, because I'm scare [sic] of him
> **Q:** – at 12:48 a.m. So the very beginning of the day, right?
> **A:** Right.
> **Q:** 12:48 a.m. Then you posted about this litigation at 1:07 a.m.
> **A:** Wow, you guys really stalked me.
> **Q:** And [a]gain at 1:22 a.m.
> **A:** Right.
> **Q:** (simultaneous statements.)
> **A:** Because you guys stalk me every single day, Jonathan.
> **Q:** And then again at –
> **A:** You guys stalk me every day.
> **Q:** (simultaneous statements.)
>      – at 12:18 p.m., and then again at 10:59 p.m. So when in the day did you have time to not think about this litigation while you were deleting –
> **A:** I was worried about Tom Santoni—
> **Q:** You're frozen
> **A:** I was worried about Tom Santoni knowing – it freaks me out (computer lag). I need a break from you living on my Twitter and your conspiracy theories. It's ridiculous.
> ...
> **A:** Why are y'all stalking my Twitter feed? It's actually creepy.
> **Q:** Ms. Mueller, your Twitter feed is the substance of this litigation.

*Id.*, Ex. 1, p. 9.

Allegedly motivated by this concern that Plaintiff's counsel was "stalking" her, following the September deposition, Defendant made her Twitter account private and asserted there was "no healthy reason" for Plaintiff's counsel to be investigating her activity on this account. *Id.*, Ex. 2, p. 10. Defendant also contradicted her prior testimony and insisted she had not spoliated evidence or deleted any tweets during the litigation. *Id.*

> **Q:** Well, we'll get to who you did or did not – and by the way, you have since made your Twitter account private after – after the last deposition, you made the Twitter account private, correct?
> **A:** Right.
> **Q:** We can't see it. Okay. So –
> **A:** It's making me – Jonathan, Tom Santoni is on Parler, supporting people that are now on trial for murder.
>
> **Mr. Kramer:** Ms. Mueller, what is that answer to? It's a comment.
> **The Witness:** No. He made a comment about me locking my Twitter account, and I said why. Because there's no healthy reason for this obsession with my Twitter account.
>
> **By Mr. Wolf:**
> **Q:** The central evidence in this case that unfortunately you have spoliated -
> **A:** I haven't spoliated. My Twitter account is right there.
> **Q:** No. You deleted many, many tweets during this litigation.
> **A:** No, I didn't, Jonathan.
> **Q:** I think we can take notice of that. I think you admitted to that. But if your testimony right now is that you didn't delete any of your tweets during this litigation, we can – we can just take that as the record.
> **A:** Jonathan, I wouldn't delete anything that would help me in this case with Tom Santoni…

*Id.*

Defendant demonstrates an apathetic attitude about her duty to comply with the orders of this Court and to participate in discovery for this litigation. Although it may be true that "there's no deadline on it" in the sense that the Court did not set a specific date by which Plaintiff needed to comply, all orders of the Court must be followed in good faith and in a prompt manner. *See Cincinnati Bronze*, 829 F.2d at 591. Defendant has had since September of 2021 to comply with clear and relatively simple instructions from the Court. Defendant has additionally had over four months since her own requested deadline of February 7, 2022, to comply with the order in the ways she described in her response. Docket No. 92, p. 2. Even if Defendant's proposed course of action had been sufficient to satisfy the September 2021 Order, it appears she has yet to fulfill even those promises.

The evidence presently before the Court demonstrates that Defendant has "violated a definite and specific order of the court requiring [her] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Cincinnati Bronze*, 829 F.2d at 591 (citation omitted). Specifically, Defendant has not identified two IT professionals to complete digital forensic imaging of her electronic devices, nor has she submitted a list of relevant devices, drives, and accounts to Plaintiff's counsel. Furthermore, Defendant has failed to comply with the Court's requirement that she not destroy, alter, or hide any evidence through her manipulation of the privacy settings on Twitter account(s) pertinent to the litigation.

Given that much of the evidence arises from Defendant's own testimony while under oath, including express confirmation that she had not complied with the Court's September 2021 Order, Plaintiff has met his burden in presenting clear and convincing evidence of Defendant's alleged violations. *See Cincinnati Bronze*, 829 F.2d at 591. Defendant was aware enough of the Court's order to assert that "there's no deadline on it," so Defendant's noncompliance also occurred "with knowledge of the court's order." Docket No. 84, Ex. 1, p. 8; *Cincinnati Bronze*, 829 F.2d. at 591.

Defendant may defend herself from Plaintiff's Contempt Motion by producing evidence that she is presently unable to comply with the order. *Rolex Watch U.S.A.*, 74 F.3d at 720. However, Defendant's meager Response brief hardly presents any such evidence at all, and certainly does not "categorically and in detail" demonstrate an inability to comply. *Id.* Furthermore, the Court has no reason to believe that Defendant has taken "all reasonable steps" to comply with the order, considering Defendant has not even complied with the course of action she set forth in her Response brief. Docket No. 98; *see Peppers*, 873 F.2d at 969. The Court therefore finds Defendant in contempt of court for her failure to comply with the Court's September 2021

10

Case 3:20-cv-00975    Document 107    Filed 06/23/22    Page 10 of 14 PageID #: 1298

Order (Docket No. 71), spoliation and hiding of evidence, and general refusal to participate in discovery.

### B. Remedies

The Court does not find it necessary at this time to set a hearing requiring Defendant to appear and show cause, but rather relies on the substance of the parties' briefs and attached exhibits in determining the appropriate relief to be granted. To come into compliance with the Court's order, Defendant first must submit the long-overdue comprehensive accounting of her electronic devices, drives, and accounts that have contained or still contain electronic evidence relevant to this case, no later than July 7, 2022. Defendant must also submit a list of all relevant evidence that she has testified under oath that she had already produced or testified under oath that she would produce by a date that has now passed. This list also must be produced no later than July 7, 2022.

Following the production of the list of all devices, drives, and accounts with relevant digital evidence, Defendant must physically submit her cellular phone(s), computer(s), and any other physical devices listed in her accounting for digital forensic imaging. As Defendant has not identified any IT professionals who could complete this task, as was required by the Court's September 2021 Order, Plaintiff has taken it upon himself to recommend Lightstone Solutions, LLC, located in Scottsdale, Arizona.[2] Docket No. 83, p. 2. After reviewing the company's website and Computer Forensics capabilities page, the Court finds that this company is qualified to complete the required digital forensic imaging of Defendant's devices.[3] Defendant may contract with another, comparable digital forensics contractor if she wishes to do so, but nonetheless must

---

[2] Defendant resides in Arizona (Docket No. 15, p. 2) and was served with process in Tempe, Arizona (Docket No. 9) which is approximately 6 miles from Scottsdale.

[3] "The Computer Forensics Division at Lightstone Solutions is a nationally recognized leader in the areas of computer forensic investigations, electronic discovery, and network forensics…Our capabilities allow us to handle cases…ranging from a few computers to large-scale imaging and analysis." http://lightstonesolutions.com/computer-forensics/

11

abide by the same deadline; Defendant must physically turn over her devices for digital forensic imaging no later than July 7, 2022.

Similarly, Defendant must turn over all evidence she includes in her list of relevant and promised evidence to Plaintiff no later than July 7, 2022. Plaintiff will then have the opportunity to notify the Court if Defendant fails to include, in the comprehensive list or in the produced evidence, any evidence that Defendant has testified under oath she had already turned over or would turn over to Plaintiff by a date which has now passed. In such case, Defendant and her attorneys will be at risk of significantly harsher sanctions for perjury, spoliation of evidence, and failure to cooperate in discovery pursuant to Fed. R. Civ. P. 37.

Furthermore, Defendant must modify her social media accounts' privacy settings as necessary to allow Plaintiff's counsel to view her accounts; this means the accounts must be public, and Plaintiff's counsel may not be blocked. Defendant must make this change no later than July 7, 2022. Additionally, as already required, Defendant may not delete any tweets relevant to this litigation. This requirement applies to every social media account that Defendant produces in her list of accounts containing evidence relevant to this case.

Should Defendant fail to comply with the Court's order by the prescribed deadlines, a civil fine will be imposed in the amount of $150 per day for a 30-day period. Defendant has demonstrated a largely apathetic and uncooperative attitude towards timely completion of the Court's prior orders; the Court intends the imposition of this fine to aid in ensuring Defendant's compliance on this occasion.

For now, the Court reserves the issue of requiring Defendant to pay Plaintiff's attorney fees and costs associated with the preparation of Plaintiff's Motion to Compel and the Contempt Motion.

Finally, Plaintiff's request that the Court enter judgment against Defendant for the relief requested in Plaintiff's Verified Complaint is denied at this time. Docket No. 83, p. 2. Defendant's noncompliance with the orders of this Court and the general procedures of discovery may still be corrected, which will allow the Court to make judgments on Plaintiff's claims based on evidence, rather than the lack thereof. There is not presently sufficient information to merit entering judgment for the Plaintiff. Many of Plaintiff's claims are weighty, and the damages owed, if any, will depend on the evidence Plaintiff presents regarding the extent of his injuries. Thus, such a severe sanction is not appropriate at this time.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Contempt Motion is **GRANTED** in part and **DENIED** in part and Defendant is ordered to perform the following:

1. State, under penalty of perjury, a comprehensive accounting of every electronic device, drive, and internet account that at any point contained and/or still contains electronic evidence relevant to this case (including but not limited to electronic communications with the Plaintiff, under Defendant's own name or an alias) with a brief summary of the information contained, the dates, and its whereabouts, no later than July 7, 2022;

2. Physically submit all cellular phone(s), computer(s), and/or any other physical items listed in the aforementioned comprehensive accounting to Lighthouse Solutions in Scottsdale, Arizona or a comparable digital forensics contractor, for digital forensic imaging at Defendant's expense, no later than July 7, 2022;

3. State, under penalty of perjury, a comprehensive accounting of every piece of evidence that Defendant has testified under oath that she had already produced or would produce by a date that has now passed, no later than July 7, 2022;

4. Submit to Plaintiff's counsel every piece of evidence listed in the accounting described in (3), no later than July 7, 2022, in a format that is fully legible; and

5. Modify all relevant social media accounts' privacy settings so that the accounts are accessible by Plaintiff's counsel, no later than July 7, 2022.

Defendant's compliance with this Court's orders is not optional. Given the length of time since the Court's original order and the additional time allowed herein, no extensions of time to comply will be granted.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**