IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS E. SANTONI, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:20-cv-00975 |
| v. | ) | Judge Richardson/Frensley |
| | ) | |
| SARAH ELIZABETH MUELLER AND | ) | |
| DOES #1-3, INCLUSIVE | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff Thomas E. Santoni's Motion for Leave to File First Amended Verified Complaint. Docket No. 103. Plaintiff attached the Proposed First Amended Verified Complaint (Docket No. 103-1) ("Amended Complaint") and contemporaneously filed a Memorandum of Law in support of the Motion (Docket No. 104). Defendant Sarah Elizabeth Mueller filed a Response in Opposition to Plaintiff's Motion. Docket No. 106. Plaintiff filed a Reply. Docket No. 110. For the reasons stated below, Plaintiff's Motion (Docket No. 103) is **GRANTED**.

### I. INTRODUCTION

Plaintiff seeks to amend his Complaint, which was originally filed on November 11, 2020. Plaintiff requests that the Court grant him leave to file his Amended Complaint (Docket No 103-1) and that it be found to relate back to the date of filing of his original Verified Complaint (Docket No. 1). Docket No. 103, p. 1. Plaintiff requests leave to amend because he "has become aware of additional tortious conduct by Defendant that arises out of the conduct complained of in his original verified complaint." Docket No. 104, p. 1. Plaintiff also asserts that Defendant's prior tortious conduct has continued since the filing of the original complaint. *Id.* The Amended

Complaint includes a much lengthier factual allegations section, divided into events occurring before the filing of Plaintiff's original complaint, and events occurring after the filing. Docket No. 103-1, pp. 3-25. The Amended Complaint also alleges two new causes of action: libel and civil conspiracy. *Id.* at 35-38.

## II. LAW & ANALYSIS

A party may amend its pleading only with the opposing party's consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave to amend "when justice so requires." *Id.* However, "[a] motion to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Plaintiff asserts that "no factor counseling against allowing amendment is present in the instant request." Docket No. 104, p. 3. Plaintiff states that the litigation is still in early stages of discovery, which has primarily consisted of jurisdictional discovery, and therefore amending his Complaint will not delay proceedings or create the need for new deadlines. *Id.* Plaintiff contends that the motion is not made in bad faith or for dilatory purposes, but rather "to more accurately reflect Defendant's alleged actions based on Plaintiff's ongoing investigation and discovery of Defendants' actions." *Id.* The Amended Complaint "raises issues that arise out of Defendant's conduct as set out in Plaintiff's initial filing as well as new tortious conduct that has occurred since the filing of Plaintiff's original verified complaint." *Id.* at 3-4. Finally, Plaintiff asserts that his "amendment is not futile, and all Plaintiff's alleged claims would survive a motion to dismiss." *Id.* at 4.

Defendant responds that Plaintiff's Motion "should be denied because (I) the proposed

amendment is brought in bad faith and for dilatory purposes, and (II) the proposed amendment would result in undue delay or prejudice to Defendant." Docket No. 106, p. 1. Defendant's Response (Docket No. 106) does not address the issue of futility.

Defendant asserts that Plaintiff's amendment is brought in bad faith and for dilatory purposes because "Plaintiff has failed to provide a basis or argument in support of seeking an amendment based on alleged actions that have occurred after filing the original complaint." *Id.* at 2. However, the Court finds that Plaintiff has sufficiently demonstrated why justice requires amending his Complaint based on new discoveries of tortious conduct. The factual allegations section of the Amended Complaint lays out what alleged conduct occurred after the filing of the initial complaint. Docket No. 103-1, pp. 25-27. This alleged conduct includes several allegedly false and defamatory statements, the deletion of Defendant's @miralaguna8 and @SarahExtra3770 Twitter accounts, conduct allegedly demonstrating that Defendant hid and spoliated evidence related to her Twitter accounts, and an attempt to reset the password for Plaintiff's wife's AT&T account. *Id.* These allegations support Plaintiff's new claims of libel and civil conspiracy. *See id.* at 35-38.

Defendant also argues that Plaintiff's Motion would cause undue delay or prejudice towards her "because the issues the proposed amended complaint raises are already being litigated." Docket No. 106, p. 3. Defendant points to Plaintiff's prior Motion to Compel Defendant's Production of Spoliate and Wrongfully Withheld Documents (Docket No. 68) and Motion to Show Cause and For Civil Contempt and Sanctions (Docket No. 83) as instances where Plaintiff has already argued that Defendant withheld evidence from the @miralaguna8 and @SarahExtra3770 Twitter accounts. *Id.* Defendant asserts that the Amended Complaint would result in a reiteration of these issues and that granting Plaintiff's motion would cause prejudice to

3

Defendant. The fact that some of Plaintiff's prior motions brought up these issues does not preclude Plaintiff from amending his Complaint to formally allege these actions, nor does it demonstrate an effort by Plaintiff to delay the proceedings of this Court. On the contrary, Plaintiff is already on notice about these issues from the prior motions and would not be prejudiced by their addition to the Amended Complaint. Furthermore, as Plaintiff notes in his Reply, Defendant has yet to file an Answer to Plaintiff's original Verified Complaint, so allowing amendment does not produce extra work for the Defendant or prejudice her. Docket No. 110, p. 2.

Given the entirety of the circumstances, the Court sees no reason why it should not permit Plaintiff to amend his Complaint to reflect new information that has arisen in the year and a half since he originally filed. Plaintiff's Motion is not brought in bad faith or for dilatory purposes, would not result in undue delay or prejudice to the opposing party, and no argument has been made that it is futile. Leave to amend is therefore appropriate in this case and shall be granted. *See Colvin*, 605 F.3d at 294.

An amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff's libel claim stems from Defendant's alleged defamatory statements about Plaintiff via email and publication of defamatory statements online, beginning on December 11, 2019. Docket No. 103-1, p. 35. This claim incorporates factual allegations set out in Plaintiff's initial complaint, including Defendant's comments on Plaintiff's stepson's Instagram account and a number of derogatory Tweets. *Id.* at 35-36; *see* Docket No. 1, pp. 5-7. Plaintiff's civil conspiracy claim is similarly based on conduct set out in the initial complaint, primarily the allegation that Defendant Sarah Elizabeth Mueller worked in concert with other individuals to injure Plaintiff and his reputation. Docket No.

103-1, p. 36; *see generally* Docket No. 1. As both of the new claims in the Amended Complaint, as well as all of the maintained claims, arise out of the conduct set out in the original pleading, the Amended Complaint relates back to the date of the original pleading, November 11, 2020.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Verified Complaint (Docket No. 103) is **GRANTED**. The Clerk is directed to enter the Proposed First Amended Complaint (Docket No. 103-1). The Amended Complaint relates back to the initial date of filing. Plaintiff must file with the Court all of the Collective Exhibits referenced in the Amended Complaint (*Id.*).

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**