IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS SANTONI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00975 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| SARAH ELIZABETH MUELLER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court[1] is "Defendant's Motion for Review of Non-Dispositive Order of Magistrate Judge" (Doc. No. 137, "Motion for Review"), whereby Defendant Sarah Elizabeth Mueller seeks vacatur of an order of the Magistrate Judge's Order (Doc. No. 135, "Magistrate Judge's Order") that granted in part and essentially deferred in part[2] Plaintiff's "Motion to Compel Discovery Responses and to Deem Admitted Requests for Admission for Failure to Respond" (Doc. No. 128, "Discovery Motion"). Specifically, via the Motion for Review, Defendant Mueller seeks vacatur of the Magistrate Judge's Order to the extent that it granted the Discovery Motion, i.e., to the extent that it ruled that: (1) "Each matter within Mr. Santoni's First Set of Requests for Admission is deemed admitted"; and (2) "Ms. Mueller must pay Mr. Santoni's reasonable

---

[1] Herein, "the Court" refers to the undersigned district judge, as opposed to the magistrate judge who entered the Magistrate Judge's Order.

[2] More specifically, the Magistrate Judge essentially deferred the Discovery Motion to the extent that it sought relief based on the *alleged insufficiency of discovery responses* that were made (belatedly) by Defendant Mueller (as opposed to relief based on Defendant Mueller's *failure to timely respond* to Plaintiff's requests for admission). As the Magistrate Judge put it, he decided to "reserve judgment" on relief based on the alleged insufficiency of Defendant Mueller's discovery responses until such time (if ever) Plaintiff filed a separate motion regarding the same. (Doc. No. 135 at 5-6).

expenses, including his attorney's fees, associated with bringing this Motion." (Doc. No. 135 at 8).

The Court will presume the reader's familiarity with the background and nature of the discovery dispute here at issue and the relief requested by Plaintiff in the Discovery Motion. These are adequately set forth in the Magistrate Judge's Order. (*Id*. at 4-5).

STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a Magistrate Judge's Order on a non-dispositive matter that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cnty Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433, 2019 U.S. Dist. LEXIS 112291, 2019 WL 3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 U.S. Dist. LEXIS 163642, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary to law standard, a court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018).

ANALYSIS

Defendant Mueller does not, in any way whatsoever, identify or discuss the applicable standard on her Motion for Review. Still less does Defendant Mueller explain why the applicable standard is met here. Absent even a purported explanation of how she meets the standard applicable to her motion, the Court declines out of hand to grant it.

Alternatively, the Court denies the Motion for Review on the grounds that the standard cannot be met in any event. The Court sees no basis for finding in the Magistrate Judge's Order any erroneous factual finding or conclusion that is contrary to law. Indeed, the Court does not see where Defendant Mueller makes any argument that actually asserts that either of these occurred. At best, she contends that the Magistrate Judge could or should have (as opposed to *was required to*, under the actual facts and the law) come to a different conclusion. And Defendant Mueller does not go even this far as to the Magistrate Judge's ruling that Plaintiff's requests for admission should be deemed admitted; there her point is not that the Magistrate Judge should have refused to deem them admitted (i.e., should have refused to find admission by default), but rather that such admissions should be deemed withdrawn. But the issue before the Magistrate Judge was *not* whether to deem such admissions withdrawn, but rather whether to deem them admissions in the first place (by default, due to their tardiness). The issue of whether to deem these admissions-by-default to be withdrawn was premature at the time of the issuance of the Magistrate Judge's Order, and there was no reason for the Magistrate Judge to even address it at that time (or even now, for that matter, as Defendant Mueller has yet to file proper motion seeking withdrawal of these admissions, a form of relief not properly sought via a motion for review of an order that did not rule on the issue of withdrawal).

That leaves the Magistrate Judge's ruling that Defendant Mueller must pay Plaintiff's reasonable expenses, including his attorney's fees, associated with bringing the Discovery Motion. Defendant Mueller's argument on this point is cursory and inadequate to explain why the ruling is contrary to law, as opposed to being merely debatable on balance. Thus, Defendant Mueller fails on this point as well.

## CONCLUSION

The Motion for Review fails to come close to showing that the contested parts of the Magistrate Judge's Order reflect an erroneous finding of fact or conclusion of law. Accordingly, the Motion for Review (Doc. No. 137) is DENIED, and the Magistrate Judge's Order is affirmed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE